IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
The Hon. Marcia S. Krieger

Civil Action No. 12-cv-00390-MSK-MEH

UNITED STATES OF AMERICA, and
STATE OF COLORADO, *ex rel.* John W. Suthers, Attorney General,

      Plaintiffs,

v.

BELLA HOMES, LLC,
MARK STEPHEN DIAMOND,
DANIEL DAVID DELPIANO,
MICHAEL TERRELL,
DAVID DELPIANO,
LAURA C. TABRIZIPOUR,

      Defendants.

_____

### TEMPORARY RESTRAINING ORDER
### AND ORDER SETTING PRELIMINARY INJUNCTION HEARING
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction **(# 3)**. The motion is **GRANTED IN PART**, as set forth herein.

The Court finds that the Plaintiffs have colorably invoked the Court's subject matter jurisdiction pursuant to, among others, 18 U.S.C. § 1345(a)(1), and that the Plaintiffs have colorably shown that venue in this District is properly invoked pursuant to 28 U.S.C. § 1391(b)(2). Personal jurisdiction over the Defendants has not yet been secured via service of the Summons and Complaint, but the Plaintiffs have made a colorable showing that the, once served, the Defendants will be subject to the personal jurisdiction of the Court.

The record before the Court sufficiently establishes probable cause to believe that the

Defendants have engaged in conduct in violation of 18 U.S.C. § 1341 (mail fraud) and 18 U.S.C. § 1343 (wire fraud), and further, that the scheme affects financial institutions under 18 U.S.C. § 1345(a)(1)(B).  The record further establishes a likelihood that the Defendants are alienating or disposing of, or that they intend to alienate or dispose of, property obtained as a result of a banking law violation, such that an injunction prohibiting such persons from transferring, disposing of, or otherwise dissipating such property is appropriate under 18 U.S.C. § 1345(a)(2).

Accordingly, the Defendants and those involved in active concert with them who are served with a copy of this Order are **ENJOINED** from:

1. Conducting or continuing to conduct business activities by or on behalf of Bella Homes, LLC, including but not limited to: (a) engaging in any action affecting real title to any property; (b) entering into any agreements relating to real property; (c) collecting, negotiating, or depositing any rental payments made by purported lessees of Bella Homes, LLC; (d) distributing or receiving disbursement of any funds from Bella Homes, LLC; and (e) advertising, promoting, or soliciting customers on behalf of Bella Homes, LLC.

2. Transferring, withdrawing, pledging, dissipating, or otherwise using or concealing funds of Bella Homes, LLC or funds received by any Defendant from Bella Homes, LLC in any accounts with any financial institution, including but not limited to:

> Bella Homes, LLC accounts at Bank of America, Account Nos. XXXX XXXX 6182, XXXX XXXX 5975,  and XXXX XXXX 5962;
>
> Mark Diamond Accounts, including Diamond & Associates and Diamond Corporation at Bank of America, Account Nos. XXXXX-X1114 and XXXX XXXX 1962;
>
> All accounts of Mark Diamond under his Social Security number ending in XXX-XX-8297;
>
> All accounts of Daniel Delpiano under his Social Security number ending in XXX-XX-5211;

>All accounts of David Delpiano under his Social Security number ending in XXX-XX-0790; and

>Accounts of Michael Terrell, including Bank of America Account no.: XXXXXXXX8604; People's Bank Account no.:  XX3576; and all accounts of Michael Terrell under his Social Security number ending in XXX-XX-1621.

3.  Transferring, withdrawing, pledging, dissipating, or otherwise disposing of property of equivalent value to any property traceable to funds received by any Defendant from Bella Homes, LLC.

The Plaintiffs shall effect service of this Order, along with copies of the Summons, Complaint, and *Ex Parte* Motion for Temporary Restraining Order and Permanent Injunction, on the Defendants in accordance with Fed. R. Civ. P. 4, on or before 5:00 p.m. on Sunday, February 19, 2012.

The Court will conduct a hearing on that portion of the Plaintiff's Motion that seeks a Preliminary Injunction at **1:30 p.m.** on **Wednesday, February 22, 2012**.  Parties shall be prepared to proceed by evidentiary proffer or admission of actual evidence as may be warranted. Parties shall also be prepared to address the appropriateness of appointing a Receiver with regard to the operation of Bella Homes, LLC.

This Temporary Restraining Order shall remain in effect until **5:00 p.m.** on **February 22, 2012**, unless otherwise directed by the Court.

It appearing to the Court that the Plaintiffs' *Ex Parte* Motion to Immediately Restrict Case **(# 3)** is not subject to restriction under D.C. Colo. L. Civ. R. 7.2(B) (motions to restrict public access are themselves open to public inspection), the Clerk of the Court is directed to lift all access restrictions on Docket # 3 and to post that motion on the Court's website pursuant to D.C. Colo. L. Civ. R. 7.2(C).

Dated this 15th day of February, 2012 at 11:45 a.m.

BY THE COURT:

Marcia S. Krieger
United States District Judge