IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00390-MSK-MEH

UNITED STATES OF AMERICA, and
STATE OF COLORADO, *ex rel.* John W. Suthers, Attorney General,

       Plaintiffs,

v.

BELLA HOMES, a Delaware limited liability company,
MARK STEPHEN DIAMOND, an individual,
DANIEL DAVID DELPIANO, an individual,
MICHAEL TERRELL, an individual,
DAVID DELPIANO, an individual, and
LAURA C. TABRIZIPOUR, an individual, actually named as Relief-Defendant,

       Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on March 6, 2012.**

       Defendants having been notified and served, the Plaintiffs' Ex Parte Motion to Immediately Restrict Case [filed February 14, 2012; docket #3] is **denied as moot**.

       The Proposed Intervenors' Emergency Motion to Intervene and for Adjustment and/or Enforcement of Terms of Stipulated Preliminary Injunction Order [filed March 5, 2012; docket #29] is **denied without prejudice** for failure to certify conferral and notify the Court of the parties' positions on the motion in accordance with D.C. Colo. LCivR 7.1A ("The Court will not consider any motion ... unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable, good faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule."). In addition, the motion fails to comply with Fed. R. Civ. P. 24(c) ("[t]he motion must ... be accompanied by a pleading that sets out the claim or defense for which intervention is sought."). Further, the Court typically does not accept a "brief in support" of a motion. *See* D.C. Colo. LCivR 7.1C ("... a motion involving a contested issue of law shall ... be supported by a recitation of legal authority *incorporated into the motion*.") (emphasis added).[1]

       With respect to Local Rule 7.1A's requirement, the Court reminds the parties of their

---

[1] The Court acknowledges that Local Rule 7.1C does not apply to motions pursuant to Fed. R. Civ. P. 65, but the present motion also seeks relief pursuant to Fed. R. Civ. P. 24.

continuing obligations to comply fully with the rule.  *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003) (because Rule 7.1A requires meaningful negotiations by the parties, the rule is not satisfied by one party sending the other party a single email, letter or voicemail).